FILED
APRIL 25, 2007
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KEITH LEROY CAMPBELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0106 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

On April 25, 2006, petitioner KEITH LEROY CAMPBELL filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody wherein he appeared to be seeking immediate release from custody to parole. At the time he filed his application, petitioner was confined pursuant to a February 16, 2004 conviction for the felony offense of sexual assault out of the 363rd Judicial District Court of Dallas County, Texas, and the resultant 4-year sentence. For the reasons hereinafter expressed, the Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief is moot and should be DISMISSED.

### I.
### PETITIONER'S ALLEGATIONS

In his initial habeas application, petitioner indicated he was challenging the Board of Pardons and Paroles' April 13, 2005 decision not to grant petitioner early release to parole. Petitioner then, however, asserted numerous, varied allegations:

1. Petitioner was wrongfully placed in medium custody as a result of a disciplinary proceeding and such custody level resulted in petitioner being denied release to parole;

2. Petitioner's conviction was erroneously classified as an aggravated offense and resulted in petitioner being denied release to parole;

3. Petitioner's reduction in line class as a result of a disciplinary proceeding was erroneous as petitioner refused to work solely because he was injured rather than as a result of serious misconduct and such reduction in class resulted in petitioner being denied release to parole; and

4. The Board of Pardons and Paroles' discretion to determine that a petitioner's good time is not a true reflection of his rehabilitation violates the equal protection clause of the United States Constitution because there are different standards for parole and mandatory supervision and such a determination in petitioner's case resulted in petitioner being denied release to parole.

On May 19, 2006, in response to this Court's order, petitioner filed a Supplemental Petition wherein he again indicated he was challenging the Parole Board's decision not to grant him early release to parole and re-asserted the same grounds set forth above. On the form application, petitioner indicated he was presenting his claims for the first time in his federal habeas petition, explaining he "was not aware of what paperwork to file."

## II.
## PETITION IS MOOT

By his habeas applications, petitioner appears to seek immediate release from prison to parole. Inquiry to the TDCJ-CID on this date, however, reveals that on February 26, 2007, petitioner discharged his sentence and was released from respondent's custody. Due to his release, this Court cannot grant petitioner any relief he seeks. Consequently, the instant petition is moot under the continuing case and controversy requirement.

## III.
## MERITS OF PETITIONER'S ALLEGATIONS

Even if petitioner's claim that he had been wrongfully denied parole was not moot, such claim would still be subject to dismissal. "Parole" is the "discretionary and conditional release of an eligible prisoner sentenced to the institutional division so that the prisoner may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." Tex. Gov't Code § 508.001(6). According to the TDCJ-CID online Offender Information Detail, petitioner became eligible for release on parole on February 25, 2005. Release from "confined" custody in the form of parole to serve the remainder of one's sentence outside prisons walls, subject to specific conditions, is left solely to the discretion of the Board of Pardons and Paroles. Because this decision of whether to parole or not to parole is discretionary, prisoners in Texas possess no constitutionally protected right to release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 422 U.S. 1, 7 (1979); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997); *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). As there is no constitutional right to expectancy of, or liberty interest in obtaining, parole in Texas, it follows that a petitioner cannot complain of the constitutionality of procedural devices attendant to parole decisions. *Orellana v. Kyle*, 65 F.3d at 32. Consequently, to the extent petitioner claimed he was entitled to immediate release from confinement to parole, his claim did not provide a basis for federal habeas corpus relief as no constitutional violation had occurred. Because petitioner possessed no liberty interest in obtaining release on parole, petitioner failed to present a cognizable constitutional claim and his petition would have been DISMISSED.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner KEITH LEROY CAMPBELL be DISMISSED as moot.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of April 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States

District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).